## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No. _____

(To be supplied by the court)

_Gerek Wilderson_ _____, Plaintiff

v.

Jared Polis (Governor of Colorado)
_____,

Moses Andre Stancil (Ex. Dir. of CDOC)
_____,

Allison Talley (SOTMP Admin.)
_____,

Amanda Retting (Head of SOTMP)
_____, Defendant(s).

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
3/27/2026
**JEFFREY P. COLWELL, CLERK**

**Jury Trial requested:**
(please check one)
__XX__ Yes ____ No

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

## PRISONER COMPLAINT

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.

## A.    PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Gerek Wilderson #186834 P.O. Box 999 Canon City, CO 81215

(Name, prisoner identification number, and complete mailing address)

_____

(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

____    Pretrial detainee
____    Civilly committed detainee
____    Immigration detainee
_X_    Convicted and sentenced state prisoner
____    Convicted and sentenced federal prisoner
____    Other: (*Please explain*) _____


## B.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:    Jared Polis, Governor of Colorado

(Name, job title, and complete mailing address)

200 E. Colfax Ave., Denver, CO   80202

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No (*check one*). Briefly explain:

State employee acting in the course of assigned

duties.

Defendant 1 is being sued in his/her _X_ individual and/or _X_ official capacity.

2

Defendant 2:    **Moses Andre Stancil, Executive Director of CDOC**
(Name, job title, and complete mailing address)

**1250 Academy Park Loop, Colorado Springs, CO  80910**

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? __X__ Yes ___ No (*check one*). Briefly explain:

**State employee acting in the course of assigned**

**duties.**

Defendant 2 is being sued in his/her __X__ individual and/or __X__ official capacity.

Defendant 3:    **Allison Talley, SOTMP Administrator**
(Name, job title, and complete mailing address)

**1250 Academy Park Loop, Colorado Springs, CO 80910**

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? __X__ Yes ___ No (*check one*). Briefly explain:

**State employee acting in the course of assigned**

**duties.**

Defendant 3 is being sued in his/her __X__ individual and/or __X__ official capacity.

## C.    JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

__X__    State/Local Official (42 U.S.C. § 1983)

___    Federal Official
As to the federal official, are you seeking:
___ Money damages pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)
___ Declaratory/Injunctive relief pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361, or 28 U.S.C. § 2201

__X__    Other: (*please identify*) 28 U.S.C. 1331 supplemental jurisdiction

B.    Defendant Information (Cont.)

Def. 4:    Amanda Retting, Head of SOTMP

1250 Academy Park Loop, Colo. Spgs., CO  80910

Defendant was acting under color of state law. Yes.

Defendant is a state employee in the course of assigned duties.

Defendant is sued in both individual and official capacities.

Def. 5:    Chris Lobanov-Rostovsky, Head of SOMB

1250 Academy Park Loop, Colo. Spgs., CO  80910

Defendant was acting under color of state law. Yes.

Defendant is a state employee in the course of assigned duties.

Defendant is sued in both individual and official capacities.

Def. 6:    Shane Stucker, Warden of Fremont Correctional Facility

57500 E. U.S. Hwy. 50 @ Evans Ave., Canon City, CO  80212 — The CDOC Canon Complex

Defendant was acting under color of state law. Yes.

Defendant is a state employee in the course of assigned duties.

Defendant is sued in both individual and official capacities.

4

D.    STATEMENT OF CLAIMS

### INTRODUCTION

This case comes before the Court based upon the refusal of the Colorado Department of Corrections (CDOC) to provide prescribed mental healthcare to its prisoners. Specifically, sex offender treatment, as administered by the Sex Offender Management Board (SOMB) and named the Sex Offender Treatment and Monitoring Program (SOTMP). In Colorado, persons that are charged and convicted under the Sex Offender Lifetime Supervision Act (SOLSA), CRS Sec. 18-1.3-1001 to 18-1.3-1012 are sentenced to indeterminate periods of years up to and to include the entirety of their natural lives. (CRS Sec. 18-1.3-1004(1)(a)). Under SOLSA, the indeterminately sentenced prisoner is seen by a mental health clinician, and diagnosed. SOTMP Sex Offender treatment is required by statute, is part of the sentence, and is prescribed by the diagnostician.

A prisoner convicted of a sex-related offense and sentenced to a determinate period of years is also referred for SOTMP by the CDOC. A CDOC mental health clinician will diagnose the prisoner and prescribe SOTMP Sex Offender treatment.

Sex Offender treatment is administered at a limited number of facilities. Access to SOTMP is further limited by a lack of sufficient SOTMP providers to serve the prisoners that are required by statute, sentenced, and/or prescribed to receive sex offender treatment. The demand for access to the SOTMP is such that more than one thousand CDOC prisoners are going without mandatory, prescribed sex offender treatment.

The denial of necessary mental health care that is prescribed by a mental health professional represents a violation of the Eighth Amendment proscription against cruel and unusual punishments. It is deliberately indifferent to a serious mental health need, one which inflicts an unnecessary suffering on the sex offender patients that is incongruous with contemporary standards of decency.

No reasonable person would believe it proper to allow a patient in renal failure to suffer without dialysis treatment. No

5

reasonable person would believe it proper to allow a patient with Major Depressive Disorder (MDD), Social Anxiety Disorder (SAD), Schizophrenia, or other mental health pathology to suffer without proper treatment. Yet, sex offenders are left untreated for years to suffer imprisoned in the CDOC. It is shocking to the conscience to any who consider it that treatment would be denied to a sex offender patient to whom treatment has been court-ordered and/or prescribed by a mental health professional.

The denial becomes more egregious in a modern era of tele-health, Zoom and WEBEX video conferencing, and myriad other options that allow for psychological care where needed that sex offenders should continue to suffer without needed treatment. The solution is so readily apparent that the General Assembly discussed tele-health treatment to prevent unnecessary backlog in the CDOC on page 10 of Senate Bill 23-164. This Act has been signed by Governor Polis as of 5 June 2023. Colorado is a Psychology Inter-Jurisdictional Compact (PSYPACT) state. CRS Sec. 24-60-3901 et seq. Licensed therapists could be recruited from any of the 48 U.S. PSYPACT states to treat prisoners.

It is settled law that an indeterminately sentenced sex offender has a liberty interest in obtaining SOTMP treatment. As SOTMP is inextricably intertwined with obtaining eligibility to be paroled, any denial of access to SOTMP will extend the period of imprisonment in the CDOC. This is a denial of the sex offender's procedural and substantive due process rights. Senate Bill 23-164 advises that the parole board release guideline instrument must not include the determinately sentenced prisoner's inability to access treatment during incarceration. It is impermissible to use SOTMP treatment as an arbitrary hurdle that cannot be met to prevent prisoners from becoming eligible to be paroled.

SOTMP is mental health treatment; Mental health treatment is medical treatment. The treatment is known to be most effective when provided as near to an offense as is practicable, and to withhold a needed treatment as prescribed is deliberately in-

different to a serious medical need; a willful and wanton disregard for the Plaintiff's Constitutional rights. The denial cannot be deemed to serve any legitimate penalogical interest.

This Civil Action seeks remedy for the denial of SOTMP treatment suffered by the Plaintiff. The remedy sought shall include policy change in the CDOC; all sex offenders shall be given immediate access to their necessary mental health care, which is SOTMP treatment. Expanding the treatment to all sex offenders immediately is the only remedy that will ensure that this Plaintiff is not denied the care that has been prescribed and is needed. This action also seeks damages in an amount to be determined by a jury for the injury suffered by the denial of care to date, the deliberate indifference to the Plaintiff's serious mental healthcare need. The Plaintiff also seeks declarative and injunctive relief such that the CDOC not be permitted to deny healthcare and to permit suffering to additional sex offenders in the future.

*　　*　　*

D.    STATEMENT OF CLAIMS

FACTUAL BACKGROUND

Plaintiff Information:

1.    The Plaintiff, _Gerek Wilderson_, was found guilty of charges of _SAOC / Pattern_
(Mark one)
[  ] at trial
[X] by plea agreement
on _17 Sept 2019_ (date)

2.    The Plaintiff was sentenced to:
(Mark one)
[X] An indeterminate period of _12_ years to life.
[  ] A determinate period of ____ years.

3.    The Plaintiff is required to participate in SOTMP treatment:
(Mark all that apply)
[X] Under SOLSA, CRS Sec. 18-1.3-1004(3), sex offender treatment is statutorily mandated.
[X] By referral, the CDOC Mental Health staff has prescribed sex offender treatment.
[X] By policy, CDOC AR 700-19(IV)(B) states that "offenders who have a judicial determination of a sex offense and are classified as an S5 may be subject to recommendation for sex offnse specific treatment."

[  ] Other: _____

4.    This paragraph [X] does apply  [  ] does not apply to this Plaintiff:  The Plaintiff was seen by a psychosexual evaluator at the Denver Reception and Diagnostic Center (DRDC) at the time when he entered the CDOC.  A diagnosis was made in relation to sex-specific, along with any additional non-sex-specific mental health needs.  SOTMP was prescribed, in addition to any non-sex-specific mental health treatment.

Evaluator name and date of evaluation: _Unk, Nov 2019_

5.    (Mark all that apply)
[X] The Plaintiff has been denied access to SOTMP while he has been imprisoned.

8

[X] The Plaintiff is on the Global Referral List (GRL) waiting for treatment.

[  ] The Plaintiff entered SOTMP treatment on _____ (date) and was terminated from SOTMP on _____ (date).

[  ] The Plaintiff was terminated from SOTMP without cause and without a hearing.

[  ] The Plaintiff was terminated from SOTMP with the given cause: _____

[  ] The Plaintiff has a 5(D), 5(I), 5(L), 5(P), or other qualifier pursuant to AR 700-19(IV)(B) that deprives him of access to SOTMP treatment currently.

6.  The Plaintiff was incarcerated on Oct 18, 2018 (date), and has been imprisoned for 2700 days as of today's date.  His Parole Eligibility Date (is)/was on 2025 (date).

(Mark all that apply)

[X] The Plaintiff is not yet eligible for parole, and is being denied SOTMP treatment.

[  ] The Plaintiff is within 18 months of his PED; his inability to access SOTMP treatment to date has foreclosed options of progressing to lower security level facilities, to be considered for Community Corrections, or to timely complete SOTMP before he will be seen by the parole board.

[  ] The Plaintiff is beyond his Parole Eligibility Date but is statutorily ineligible because he has been denied access to SOTMP treatment making it impossible to successfully progress in treatment.

[  ] The Plaintiff is beyond his Parole Eligibility Date and is functionally ineligible because he has been denied access to SOTMP treatment.  The parole board has denied this Plaintiff consideration for parole on grounds that he has not completed SOTMP treatment.

*   *   *

SEX OFFENDER TREATMENT AND MONITORING PROGRAM FACTS:

7. Nothing in the instant civil action is to be liberally misconstrued to mean that this Plaintiff will refuse "miraculous" placement into SOTMP at any time before resolution of this litigation as is commonplace among those that do bring suit against the CDOC for denial of SOTMP. Nor does the Plaintiff exempt himself from any relief obtained through litigation in any similar case for which he may be a class member.

8. Denial of access to the SOTMP program has imposed an atypical and significant hardship on the Plaintiff in relation to the ordinary incidents of prison life by rendering him ineligible for parole.

9. Denial of parole to this Plaintiff is a certain event that will occur as anticipated if the Plaintiff is not granted relief.

10. The language of CRS 16-11.7-103 is couched in the terms of mental health treatment and counseling.

11. CRS 16-11.7-102(4) defines "treatment" as "therapy, monitoring, and supervision of any sex offender which conforms to the standards created by the board pursuant to section 16-11.7-103."

12. CRS 16-11.7-103(4)(a)(I) uses the language, "There is currently no way to ensure that adult sex offenders with the propensity to commit sexual offenses will not reoffend. Because there are adult sex offenders who can learn to manage unhealthy patterns and learn behaviors that can lessen their risk to society in the course of ongoing treatment, management, and monitoring, the board shall develop a procedure for evaluating and identifying, on a case-by-case basis, reliably lower-risk sex offenders whose risk to sexually reoffend may not be further reduced by participation in treatment as described in paragraph (b) of this subsection (4)."

13. CRS 16-11.7-103(4)(b)(I) goes on to say, "Treatment options must be determined by a current risk assessment and evaluation and may include, but need not be limited to, group counseling, individucal counseling, family counseling, outpatient treatment, inpatient treatment, shared living arrangements, or treatment in a therapeutic community."

14. Based upon the plain language of the statutes as implemented by the general assembly, there can be no doubt to any reasonable jurist that the intention of the general assembly is to recognize sex offenders as suffering from a

mental health pathology.

15 .  Sex Offender evaluators are required by statute to be qualified and credentialled as sex-offender specific treatment providers by the Department of Regulatory Agencies (DORA), see CRS 16-11.7-106(1)5)(b).

16 .  "[T]he best time for an offender to receive treatment is as close to the period in which he offended as possible."  See Godinez v. Williams, 2022 U.S. Dist.LEXIS 93203 #37, Judge R. Brooke Jackson quoting testimony of Thomas Leversee as given on 24 February 2014 in a state court evidentiary hearing.

17 .  Delaying treatment to a sex offender can serve no legitimate penological interest.  Lacking resources does not give rise to a legitimate penological inter- est.  (e.g., a food shortage would not legitimize denying meals to prisoners.  A penicillin shortage would not legitimize permitting prisoners to suffer an infect- ion.  Nor shall a shortage of SOTMP resources legitimize allowing prisoners to suffer with sex-offense related mental health disorders and symptoms.)

18 .  To delay SOTMP treatment while a sex offender is imprisoned serving his sentence, awaiting him to reach the 4-years-until-his-parole-eligibility-date (PED) mark, as contemplated by AR 700-19, is in direct controvention to the statutory goal of reducing risk to the public.

19 .  Considering arguendo, the potential for additional sex offenses is not eliminated through imprisonment; giving the statutes the full faith as given by the Judiciary:  Other prisoners are potential victims of an untreated sex offend- er (see Prison Rape Elimination Act (PREA)); prison staff and visitors are also in harm's way if the sex offender is not treated.  Under these considerations, a reasonable judge could not hold that the general assembly had the intent to delay treatment to imprisoned sex offenders when the Statute was enacted.

20 .  One convicted under SOLSA must "successfully progress[] in treatment" in order to be eligible for consideration for parole.  If denied access to the treatment he will languish in prison indefinitely, in effect until his death.

21 .  The Global Referral List (see AR 700-19) is "effectively a sham," as it has been stated in other litigation.  AR 700-19 is CDOC official policy under the direct control of these Defendants.

22 .  The Defendants have knowingly, unreasonably, willfully and wantonly denied care to prisoners in their custody, especially the Plaintiff.  Institution of a waiting list, the GRL, pursuant to AR 700-19 is open admission that sex offender

patients will go without care, and that the fact of the denial is known to the Defendants. It can never be reasonable to deny needed health care. The Defendants have denied care for serious mental health needs without regard to the rights and safety of the Plaintiff.

23. If the Defendants do not provide SOTMP treatment, necessary mental health care to the Plaintiff, while he is imprisoned, that need will go unmet. Serious harm will come to every sex offender patient that goes without SOTMP treatment and mental health care. Some injuries cannot be seen with the eye — a mental health injury is an injury in fact.

24. Inadequate staffing that causes serious mental health care needs to go untreated constitutes deliberate indifference to serious mental healthcare needs of a prisoner. The backlog of patients awaiting SOTMP is directly tied to the years-long staffing shortages. The Defendants have failed to maintain adequate staffing levels to attend to the mental healthcare needs of sex-offender prisoners. CDOC has an estimated minimum of one-thousand sex offenders in its custody receiving zero mental health care, zero SOTMP, zero attention to that serious mental health need.

25. Staffing is directly controlled by the named Defendants. The Defendants participate directly and individually in the staffing decisions at CDOC.

26. The State must provide an inmate with a healthy habilitative environment. In denying sex offenders SOTMP treatment, the CDOC has failed in providing a healthy habilitative environment to the sex offender, and to the other prisoners that surround every sex offender.

27. The passage of Senate Bill 23-164, signed into law by Governor Polis, acknowledges that the Defendants have denied necessary healthcare to prisoners. The Bill amends CRS 16-11.7-105(1)(C)(V-IX) to place onus on the CDOC to provide information to the SOMB regarding the "unnecessary backlog" of prisoners that require and await treatment.

28. S.B. 23-164 addresses access to telehealth (Zoom, WebEX, etc.). The CDOC has deliberately impeded SOTMP via telehealth through its customs and policy. Meanwhile, post-COVID, telehealth for non-sex behavioral health is commonplace.

\*        \*        \*

## MENTAL HEALTH FACTUAL BACKGROUND

29. The statutes that surround codification of sex offenses frame the commission of these acts as a form of mental health disorder having roots in mental health pathology. In the Colorado Revised Statutes, in SOLSA, and elsewhere that sex offense commission, conviction, evaluation, and sentencing is referenced, the word "treatment" is used repeatedly. This is necessarily indicative of a mental health model.

30. Mental health is medical health. Mental health care is medical care.

31. The duty to provide prescribed mental health care is imposed upon the SOMB, the Executive Director of the Department of Corrections, the Warden of the prison where the Plaintiff is held, and all named Defendants. The Eighth Amendment guarantees prisoners care; denial of medical or mental health care is cruel and inhumane.

32. Sex offenders are diagnosed by mental health professionals. The diagnosis of each sex offender is unique to the sex offender. Each may be diagnosed with a sex-specific sex-related disorder, hypersexual disorder, a paraphillic disorder, a sexual behavioral disorder, or any other DSM-5 recognized disorder, or any combination thereof.

33. The symptoms of these disorders are as myriad and diverse as the sex offenders themselves. In the same manner that Major Depressive Disorder (MDD) has symptoms which include dysphoria and anhedonia (defined as sustained sadness/unhappiness and an inability to experience enjoyment, respectively) See [American Psychological Association, DSM-5 (2013)]; sex-related disorders have symptoms suffered by sex offenders diagnosed with these disorders.

34. Sex-related disorder sufferers may have any of the symptoms of MDD due to the prevalence of comorbidity. Additionally, they may have any of the symptoms of other comorbid disorders commonly suffered by sex offenders such as the Anxiety Disorders or Personality Disorders.

35. Sex-related disorder symptoms more unique to sex-related disorders may include but are not limited to: inappropriate sexual impulses, pederasty, hebophilia, paraphilliae, desires for non-consentual sex, frotage, dissociative identities, an uncontrollable desire to masturbate, anguish, undesired sexual thoughts (vis-à-vis: Obsessive Compulsive Disorder), shame, and grief.

36. Untreated sex-related disorders may lead to suicidal ideation and also

13

to suicidality.

37 .  Untreated sex offenders may develop psychosomatic symptoms as a result of underlying psychological and emotional symptoms.  These include but are not limited to:  stress, rashes, hives, acne, eczema, psoriasis, body aches and pains, hypertension, heart disease, tachycardia, hormonal imbalances, arrhythmias, palpitations, cancer, Crohn's Disease, Irritable Bowel Syndrome, fatigue, etc.*

38 .  Sex offenders suffer actual physical pain and distress when their serious mental health needs go unmet; when their sex-related mental health disorders go untreated.  Psychosomatic symptoms are a form of torture if untreated.

39 .  The Plaintiff, who is a convicted sex offender and has been evaluated by a CDOC mental health professional and found to require SOTMP treatment, and has been duly prescribed SOTMP treatment, suffers from symptoms as described above. His symptoms may include one, several, or all of the symptoms of sex-related disorder or of any related comorbid DSM-5 diagnosis.  His symptoms may range from mild to severe.

40 .  The Plaintiff shall provide UNDER SEAL an affidavit outling the lurid details of his unique set of symptoms upon the ORDER of the Judge or Magistrate if it is deemed to be necessary and appropriate.  See: Health Insurance Portability and Accountability Act (HIPAA) privacy provisions.

---

*References:
1. Al'abadie, et al., The Relationship between Stress and the onset and exacerbation of psoriasis and other skin conditions.  Br. J. Derm. 199:203 (1994)
2. Brown & Bettley, Psychiatric Treatment of Eczema: A Controlled Trial.  British Medical Journal Vol. 2, No. 5764 (Jun. 26, 1971) pp. 729-734
3. Eysenck, Hans, "Personality, Stress, and Cancer: Prediction and Prophylaxis" British Journal of Medical Psychology.  61:57-75  (1988)
4. Eysenck, Hans, "Personality, Stress, and Disease: An Interactionist Perspective" Psychological Inquiry.  Vol. 2, No. 3 (1991) pp. 221-232
5. Kubzansky, L.D., et al., Positive psychological well-being and cardiovascular health promotion.  Journal of the American College of Cardiology, Vol. 72 No. 12 (2018) pp. 1382-1396
6. Latimer & Campbell, Behavioral Medicine and the Functional Bowel Disorder, International Journal of Mental Health.  Vol. 9, No. 1-2  (Spring/Summer 1980) pp. 111-128.
7. Suls & Howren, Understanding the Physical-Symptom Experience: The Distinctive Contributions of Anxiety and Depression, Current Directions in Psychological Science.  Vol. 21, No. 2 (April 2012) pp. 129-134
8. Walker, N., The Definition of Psychosomatic Disorder, British Journal of Philosophical Science, Vol. 6, No. 24 (Feb. 1956) pp. 265-299

## SOTMP; MENTAL HEALTHCARE OR PUNITIVE MEASURE?

41. Many convicted sex offenders have chosen either to accept a plea agreement or to proceed to trial based upon SOTMP statutes. The advice of their respective counsellors was based upon their understanding of the CDOC and the SOTMP treatment circumstances they expected their clients to encounter. The only way to ensure accurate advice is to institute a policy of immediate treatment for every convicted sex offender that enters the CDOC. Any other system injects confusion and inconsistency into SOTMP treatment, and sentencing.

42. Either sex-offender SOTMP treatment is genuine and legitimate mental health care, or it is not. If SOTMP treatment is not legitimate mental health care, then it is something else. If SOTMP is something else (e.g., it is an additional punitive component to a sex offender's sentencing) it must be up to the discretion of the sentencing judge under the auspices of sentencing guidelines. It may not be an arbitrary and capricious measure left to the CDOC.

43. The Defendants do not adhere to treatment that is endorsed by the American Psychological Association, to the risk-need-responsivity (RNR) model, or to the best practices of empirically-researched evidence-based methods for treatment of sex offenders. In practice, the SOTMP instead comprises group confessions, self-flagellation and shaming, and examination with polygraphs. The emphasis is placed on admission to narratives that may or may not be based in factual reality, in lieu of an emphasis based on healing.

44. The government has created a system that treats sex offenders differently than all other offenders. Through the statutes of the general assembly, and the custom and policy of the executive CDOC, mental healthcare has been inextricably intertwined with imprisonment. Offenders of other categories of crime are not automatically diagnosed with mental health disorders by statute, custom or policy by dint of their convictions in the same manner as the sex offender. (e.g., a thief is not diagnosed as having a personality disorder by statute.) The Defendants may not maintain such a system while simultaneously standing idly by as it fails to provide the very care that it demands its prisoners complete.

45. The CDOC has weaponized the treatment requirement against sex offenders to prevent this class of prisoners from becoming eligible for consideration for parole. The aim is to extend CDOC custody of these prisoners indefinitely, to maximize the cost to the taxpayer, and to increase its own perceived relevance.

15

46. A CDOC prisoner that attempts suicide and survives will be moved to Centennial Correctional Facility and enter the Residental Treatment Program.

47. A CDOC prisoner with additional mental health diagnoses, for example if he suffers from schizophrenia, may be moved to San Carlos Correctional Facility or Colorado Mental Health Institute at Pueblo (CMHIP) and treated with medication, talk therapy, or both. The diagnoses will not go untreated.

48. Prisoners with sex-related mental health care needs are treated differently from prisoners with non-sex-related mental health care needs.

49. A CDOC prisoner in SOTMP treatment or waiting for placement in SOTMP will endure under the threat of arbitrary and capricious removal from treatment or loss of pending placement at the hands of any CDOC staffer for actual or invented disciplinary offenses, even if slight. In addition, he may be indentured into less desirable work assignments, be the target of false allegations of COPD violations and/or harassment, or in other manners overpoliced.

50. A CDOC prisoner convicted of a sex offense that does not receive treatment will not be eligible for progressive moves to minimum or minimum restricted security level facilities. This is an impediment to re-adaptation to a community environment from the prison environment.

51. A CDOC prisoner that claims to suffer from opioid withdrawl will be placed on Medication Assisted Treatment (MAT program) and receive Suboxone without delay. The sex offender will wait many years — even decades — for treatment.

52. The legislative intent of sex offender statutes was never to imprison sex offenders for life. The intent of the laws was to ensure that sex offenders were to receive treatment before being returned to the communities of the state, to reduce reoffending as low as is practicable, and to maintain an increased level of deterrence during parole by maintaining the threat to return a parolee that does reoffend to incarceration for life. See: Senate Judiciary Committee 2nd Session 61st General Assembly, statements made by Senator Wells prior to passage of 1998 Colorado House Bill 1156

\*  \*  \*

16

## D.    STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: <u>42 USC Sec. 1983—PROCEDURAL DUE PROCESS—US Const. Amendment XIV</u>

Claim one is asserted against these Defendant(s): **ALL DEFENDANTS**

## I.    What did each Defendant do to Plaintiff?[*]

53. Plaintiff incorporates by reference all other paragraphs of this Complaint as if set forth in full here.

54. The Plaintiff has been denied access to SOTMP Sex Offender Treatment.

55. The Plaintiff has not been provided with any meaningful opportunity to contest the deprivation of SOTMP treatment, meaningful review of the denial of treatment, alternatives to categorical denial, or recourse for the denial.

56. A person convicted under SOLSA has a clearly established liberty interest in accessing SOTMP treatment; this Plaintiff has been denied SOTMP treatment.

57. To be eligible for parole a convicted sex offender must successfully progress in treatment; this Plaintiff has been denied SOTMP treatment.

58. Plaintiff has been blocked by the Defendants from accessing telehealth treatment, Zoom or WebEX access to outside practitioners, or any other alternative method of obtaining SOTMP treatment.

59. Each Defendant has participated in maintaining a custom or policy of denial of SOTMP sex offender treatment to CDOC prisoners, especially the Plaintiff. The GRL is evidence of the knowing state of mind of Defendants.

60. The Defendants have caused the Plaintiff to suffer a grievous loss by denying him sufficient process to resolve his deprivation of SOTMP treatment.

[*]Roman Numerals I, II, III & IV are from Naslous v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007)

## CLAIM ONE (Cont.)

II.    **When did the Defendants deny Plaintiff access to SOTMP?**
Beginning at the time of diagnosis to present.

III.    **How did the Defendants' denial harm the Plaintiff?**  The Plaintiff was denied his liberty interest; he was denied the ability to become eligible for consideration for parole.

IV.    **What specific legal right did the Defendants deny Plaintiff?**
The Plaintiff has a Fourteenth Amendment protected right to due process of the law.

D.    STATEMENT OF CLAIMS

### CLAIM TWO

42 USC Sec. 1983—SUBSTANTIVE DUE PROCESS—U.S. Const. Amendment XIV; Asserted against ALL DEFENDANTS

I.    **What did each Defendant do to Plaintiff?**

61. Plaintiff incorporates by reference all other paragraphs of this Complaint as if set forth in full here.

62. The Defendants, as functionaries of the government, have arbitrarily deprived this Plaintiff of the opportunity to progress through his incarceration and to become eligible for consideration for parole by denying his access to required SOTMP Sex Offender Treatment.

63. The deprivation of the opportunity to become eligible for consideration for parole is a violation of a clearly established liberty interest to SOLSA convicted sex offenders seeking SOTMP treatment.

64. The Defendants have no adequate justification for their denial of care.

65. The denial of sex offender treatment shocks the conscience, it is an arbitrary and capricious abuse of authority, and serves no legitimate penological interest or other legitimate governmental interest.

66. The use of a global referral wait list is open acknowlegment of the knowing state of mind of the Defendants; they know they are denying care to CDOC prisoners in their custody.

67. The existence of the global referral wait-list for years is demonstrative of the deliberate and knowing choice by these Defendants to maintain the arbitrary deprivation of mental health care to prisoners for whom care is necessary and obligatory.

18

CLAIM TWO (Cont.)

II.    When did the Defendants deny Plaintiff access to SOTMP? Beginning at the time of diagnosis to present.

III.    How did the Defendants' denial harm the Plaintiff? The Plaintiff was denied his liberty interest; he was denied the ability to become eligible for consideration for parole.

IV.    What specific legal right did the Defendants deny Plaintiff? The Plaintiff has a Fourteenth Amended protected right to due process of the law.

D.    STATEMENT OF CLAIMS

CLAIM THREE

42 USC Sec. 1983—DELIBERATE INDIFFERENCE TO SERIOUS MENTAL HEALTHCARE NEED—U.S. Const. Amendment VIII; Asserted against ALL DEFENDANTS

I.    What did each Defendant do to Plaintiff?

68.  Plaintiff incorporates by reference all other paragraphs of this Complaint as if set forth in full here.

69.  Inherent or implicit in the statutory duty of governmental entities to provide food, shelter, and if necessary medical treatment to all individuals arrested or in custody is the duty to pay for such expenses.

70.  Deliberate indifference in violation of the Plaintiff's Eighth Amendment right to medical care for serious mental health needs has occurred where the Defendants repeatedly fail to address the mental healthcare requirements of the Plaintiff as prescribed.

71.  Infliction of unnecessary suffering on a prisoner by failure to treat his serious mental health needs is inconsistent with contemporary standards of decency and violates the Eighth Amendment.

72.  Deliberate indifference to serious mental health needs of a prisoner constitutes unnecessary and wanton infliction of suffering and anguish proscribed by the Eighth Amendment; regardless of how evidenced, deliberate indifference to prisoners' serious mental illness or dysfunction states cause of action under civil rights statutes.

73.  These elementary principles establish the government's obligation to provide mental health care for those whom it is punishing by incarceration. An inmate must rely on prison authorities to treat his mental health needs; authorities

19

that fail to do so will leave those needs unmet.

74. Mental health care has been prescribed in this case to the Plaintiff by a mental healthcare evaluator, a treatment professional employed by the CDOC.

75. Prison officials, and all named Defendants, know that this care has been prescribed and have denied the prescribed treatment willfully and wantonly, knowingly and deliberately. There is no legitimate penological or other legitimate governmental interest in denying this care.

II. **When did the Defendants deny Plaintiff access to SOTMP?** Beginning at the time of diagnosis to present.

III. **How did the Defendants' denial harm the Plaintiff?** The Plaintiff has suffered from the symptoms associated with his sex offense specific mental health dysfunction. The Plaintiff also suffers with the additional symptoms associated with comorbid mental health disorders, e.g. depression, anxiety, physical pains, etc., that is without legitimate excuse. Proper mental healthcare has been denied to the Plaintiff.

IV. **What specific right did the Defendants deny Plaintiff?** The Plaintiff has an Eighth Amendment protected right to be free from cruel and unusual punishments; i.e., denial of necessary prescribed mental health care.

\*    \*    \*

20

## E.    PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ___ Yes _X_ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):    _____

Docket number and court:    _____

Claims raised:    _____

Disposition: (is the case still pending?
has it been dismissed?; was relief granted?)    _____

Reasons for dismissal, if dismissed:    _____

Result on appeal, if appealed:    _____

## F.    ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

_X_ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

_X_ Yes ___ No (*check one*)

F.     ADMINISTRATIVE REMEDIES (Cont.)

The CDOC Grievance Process is a dead-end.  To grieve is futile. Those prisoners that do grieve the inability to access SOTMP treatment are met with boilerplate canned responses that read as follows:

A review of your [letter, grievance, etc.] and the concern you presented was completed.  [Mr. _____], if the Sex Offender Treatment & Monitoring Program (SOTMP) understands your request, you feel like you should be placed immediately into treatment.  First [Mr. _____], congratulations on taking the steps necessary to participate in SOTMP Treatment! A review of your records indicates you are currently on the Colorado Dept. of Corr. (CDOC) Global Referral Wait-List for SOTMP Treatment and are now waiting for your opportunity to participate.

(1.) Mr. _____, in looking at your treatment placement concern, please note that DOC AR 700-19 outlines the prioritization for clients for SOTMP treatment placement.  This regulation notes: "Offenders with judicial determination of a sex crime that are within four years of their parole eligibility date are prioritized for sex offense specific treatment based upon, but not limited to, the following: a) P.E.D. b) Risk for sexual recidivism c) prior SOTMP treatment opportunities d) institutional behavior

Mr. _____, due to the lifetime supervision act the SOTMP prioritizes those who have a liberty interest over those who have a mandatory release date.  You are on the list for treatment and if your placement on the GRL comes up before your MRD, you will be placed in treatment.

Your current status appears correct as you are on the DOC Global Referral Wait-List for SOTMP Treatment and will be placed into treatment based upon DOC AR 700-19 prioritization.

Nevertheless, the DOC and SOTMP would like to encourage you to participate in any DOC treatment, including your future opportunity at SOTMP treatment.  The DOC is dedicated to providing opportunities for a client's potential success.  Research of the SOTMP and other treatment programs have shown to have an impact on recidivism.  As such, Mr. _____, the SOTMP hopes that this information will aide (sic) you in knowing that clients who are motivated and participate in the SOTMP and other treatment programs tend to be more successful when released.  The SOTMP hopes that you take advantage of this or any other DOC treatment opportunity.  -Jaime Bailey, FCF

For decades prisoners have grieved the CDOC denial-of-access to SOTMP matter, to include Mr. Beebe, Mr. Tillery, Mr. Lerner & Aigner, Mr. Wismer; and class representatives of D. Colo. 24-cv-1853; scores of active SOTMP access cases in active litigation now; and hundreds of prisoners too numerous to list.  All categorically denied.

[X] This Plaintiff has exhausted the administrative remedies; his grievances are attached.

[  ] This Plaintiff has exhausted the administrative remedies; the futility exception applies.
"The futility exception generally applies when administrative relief is effectively foreclosed. This may occur in two situations: (1) for another inmates same grievance there has been an adverse decision disposing of the precise issue raised by the petitioner, or (2) other inmates' same grievances have been met with a policy of categorical denial." King v. Ciolli, 2023 U.S. Dist.LEXIS 65179 *7 (internal quotes and citations omitted) also, Ross v. Blake, 578 U.S. 632, 643 (2016)

22

## G.   REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

76. That process issue to the Defendants that they be required to answer in the time allowed by law.

77. A trial by jury on all issues triable by jury.

78. Plaintiff's costs in bringing this action and other reasonable costs, e.g. attorney fees if incurred, etc.

79. Declarative relief, the Court shall declare the Plaintiff has a liberty interest and/or Constitutional right to the immediate access to SOTMP treatment.

80. Injunctive relief, the Court shall enjoin the Defendants from denial of mental health care that is prescribed by a mental health professional; i.e. SOTMP treatment.

81. Plaintiff be awarded actual damages in an amount to be determined by a jury.

82. Plaintiff be awarded exemplary damages in an amount to be determined by a jury.

83. Any and all further relief to which the Plaintiff may be entitled that the Court may deem to be just.

## H.   PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

*12 March 2026*
_____
(Date)

The foregoing Complaint was compiled and prepared at the Plaintiff's specific direction with the assistance of lay-person Eric St. George pursuant to Johnson v. Avery, 393 US 483 (1969), and Bounds v. Smith, 430 US 817 (1977)

(Revised November 2022)

23

D.          STATEMENT OF CLAIMS

CLAIM FOUR

BReach of Contract—Colorado Statute and Universal Commercial Code violation; Asserted Against ALL DEFENDANTS

I.          What did each Defendant do to Plaintiff?

84.    Plaintiff incorporates by reference all other paragraphs of this Complaint as if set forth in full here.

85.    The Plaintiff entered into a plea agreement with the State of Colorado; the terms of the agreement were that he agreed to waive his right to a trial by jury in exchange for favorable sentencing in criminal case: 2018CR002065

86.    The Plaintiff accepted the terms of his plea agreement in the criminal case [named immediately above] under the auspices of receiving SOTMP upon his arrival in CDOC.

87.    The State of Colorado guaranteed and promised to provide the Plaintiff with timely and coextensive with incarceration offense-specific treatment necessary to become eligible for parole.

88.    The Plaintiff has performed his end of the plea agreement. He is a state prisoner held in the CDOC serving the agreed-upon sentence.

89.    A plea agreement is a binding contract between the Plaintiff and the State. It is enforceable under contract law standards.

90.    The Plaintiff will not receive SOTMP treatment before he reaches his Parole Eligibility Date (PED).

91.    The Plaintiff has been denied required SOTMP treatment. He is prejudiced by the inability to complete SOTMP which is required in order to become eligible to be paroled.

92.    On 1/27; 4/7; 5/12/25 (date), the Plaintiff was advised by Shannon Folz of the following: Plaintiff would be denied SOTMP Treatment. This is violative of best practices as is statutorily mandated. ~~The Plaintiff is being subjected to treatment that is greater than that which is reflected in his assessed needs based upon his Level of Service Inventory--Revised (LSI-R) and STATIC-99 scores.~~ The Plaintiff entered the plea agreement contract under the assurances he would receive SOTMP treatment as mandated by best practices, meeting his risk, need, and responsivity category under the Risk-Need-Responsivity (RNR) model expicitly mandated in statute.

II.     When did the Defendants deny Plaintiff access to SOTMP?
        Beginning at the time of the plea agreement contract to present.

III.    How did the Defendants' denial harm the Plaintiff?
        Plaintiff signed a contract with the State in good faith; the breach
        of contract denies him the ability to become eligible for parole consideration.

IV.     What specific legal right did the Defendants deny Plaintiff?
        The Plaintiff has a right to enforce specific performance under the contract
        -- here the plea agreement -- which is the state's obligation to provide
        him SOTMP treatment.  The Plaintiff has maintained his agreed-upon terms
        of the contract; the Defendants are in breach of contract.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 2 -cv- -

(write case number here)

Gerek Wilderson                    Plaintiff ,

(write your name here)

v.

Jared Polis (Governor of Colorado), et al.,
                    Defendants.

## MOTION TO VOLUNTARILY DISMISS THE PLAINTIFF'S CLAIM THREE FOR DAMAGES AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITIES

The Plaintiff, Gerek Wilderson your name, pro-se herewith moves this Court to grant voluntary dismissal of his claim for damages against the Defendants in their official capacities for Deliberate Indifference to Serious Mental Healthcare Need [CLAIM THREE].  A claim against a state employee in his official capacity is a claim against the State itself.  Such claim is barred by Eleventh Amendment Immunity, unless such immunity is waived by the State.[1]

(check one box below)

[  ]  The Defendant is in receipt of Court Order or Motion to Dismiss:

_____
(name of Motion or Order) (date of Motion or Order)

[X]  The ~~Defendant~~ Plaintiff is in receipt of no Order or Motion re: Claim 3.

Because his CLAIM THREE for damages against the Defendants in their official capacities is barred by Eleventh Amendment immunity, the Plaintiff moves to dismiss this claim only.  He maintains his claim for damages against the Defendants in their individual capacities, and every other claim made in the Prisoner Complaint.

CERTIFICATE OF SERVICE

I attest that a true copy of the foregoing is mailed First Class with postage affixed addressed 1300 Broadway 10th Fl., 80203 on the date below:

Respectfully Submitted,

12 March 2026

sign and date here.

[1] Absent waiver by the state or valid congressional override, the Eleventh Amendment bars a damages claim against a State in federal Court. Kentucky v. Graham, 473 US 159, 169 (1985); state officials sued in their official capacities for monetary damages are not 'persons' subject to suit under §1983. Will v. Mich. Dept of State Police, 491 US 58, 71 (1989)

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

Gerek Wilderson,

Plaintiff,

v.

Jared Polis, et al.,
Defendant,

---

INTRODUCTION TO EXHIBITS

---

Exhibit 1 : Response to kite 1-27-25
Exhibit 2 : Response to kite 4-7-25
Exhibit 3 : Response to kite 5-12-25
Exhibit 4 : Step 1 Grievance 6-4-2025
Exhibit 5 : Step 2 Grievance 7-9-2025
Exhibit 6 : Step 3 Grievance 8-7-2025
Exhibit 7 : Email response to request for treatment at another facility

*Exhibit 1*



**COLORADO**

Department of Corrections

Fremont Correctional Facility

P.O. Box 999
Canon City, CO 81215
P 719.269.5002  F 719.269.5020

## MEMORANDUM

**Date:** **1.27.25**
**To:** **Wilderson, Gerek 186834**
**From:** SOTMP
**RE:** Treatment Status

Thank you for your kite. Now that you are within four years to your parole eligibility date (PED) you will need to be assessed to ensure you meet criteria to be placed in SOTMP treatment. If it is determined that you are appropriate for treatment you will be placed on the Global Referral List (GRL). Being within four years to your PED does not automatically mean you are placed directly into treatment, it means that you are now eligible for treatment. Please see below for an excerpt that has been taken from AR 700-19 which outlines how offenders are prioritized for treatment.

    F.   <u>Treatment Participation Requirements and Prioritization</u>: Sex offender treatment is cognitive-behavioral based therapy and adheres to the risk, needs, responsivity model of treatment. The SOTMP has established participation requirements and offenders who are recommended for sex offense specific treatment will be assessed by the SOTMP team to determine if they currently meet treatment participation requirements. This information may be used to assist in facility placement decisions.

        1.   Offenders with a judicial adjudication of a sex crime that are within four years of their parole eligibility date are prioritized for sex offense specific treatment based upon, but not limited to, the following:

           a.   Parole eligibility date;

           b.   Risk for sexual recidivism;

           c.   Prior SOTMP treatment opportunities;

           d.   Institutional behavior;

           e.   Ancillary treatment needs e.g. mental health, substance use disorder treatment.

Thank you,

Shannon Folz, MS, LPC
Sex Offender Treatment and Monitoring Program
Colorado Department of Corrections

Jared Polis, Governor | Moses "Andre" Stancil, Executive Director



*Exhibit 2*



# COLORADO
**Department of Corrections**
Fremont Correctional Facility

P.O. Box 999
Canon City, CO 81215
P 719.269.5002  F 719.269.5020

## MEMORANDUM

**Date:** **4.7.2025**
**To:**   **Wilderson, Gerek 186834**
**From:** SOTMP
**RE:**   Treatment Status

Thank you for your kite. Your S code is an R indicating that you are ready for treatment. At this time, it appears that you are most appropriate for Track II. Once you are in treatment you will continue to be regularly assessed. You are currently on the Global Referral List and will be notified when you are placed in treatment.

Thank you,

Shannon Folz, MS, LPC
Sex Offender Treatment and Monitoring Program
Colorado Department of Corrections

Jared Polis, Governor | Moses "Andre" Stancil, Executive Director



*Exhibit 3*




## COLORADO
**Department of Corrections**
Fremont Correctional Facility

P.O. Box 999
Canon City, CO  81215
P 719.269.5002  F 719.269.5020

## MEMORANDUM

**Date:**  **5.12.25**
**To:**   **Wilderson, Gerek 186834**
**From:** SOTMP
**RE:**   Treatment Status

Thank you for your kite. You currently have a sexual violence diagnostic code of S5.

R- meaning you are in compliance with the SOTMP. You are on the Global Referral list (GRL) for SOTMP. You will be notified when group assignments are available.

When you are determined to be in compliance with SOTMP and meeting the criteria for placement in group you are added to the Global Referral List. When a group space is available, you will be notified regarding your placement in treatment. Due to the nature of the Global Referral List (it changes as people are admitted to and released from CDOC), it is not possible to give you an exact number of where you stand on the list.  The Global Referral List is arranged according to Parole Eligibility Dates (PED).  Your PED is listed as 10.23.2028. This date may change according to your participation in programs and your eligibility for earned time as this relates to your sentencing and CDOC policy.

Thank you,

Shannon Folz, MS, LPC
Sex Offender Treatment and Monitoring Program
Colorado Department of Corrections

Jared Polis, Governor | Moses "Andre" Stancil, Executive Director



Wilderson  *Exhibit 4*    SOTMP — Clinical

AR Form 850-04B (12/01/18)

Offender Grievance

| Offender Must Complete | |
|---|---|
| Name: Gerek Wilderson | DOC #: 186834 |

Grievance number (complete for Steps 2 and 3, only):

Instructions:
1. Fill out identifying data in space provided. (Must be legible.) — *This space must remain blank*
2. Clearly state basis for grievance or grievance appeal. — *This space must remain blank*
3. State specifically what remedy you are requesting. — *This space must remain blank*
4. Remedy must remain consistent. — *This space must remain blank*

Subject of Grievance and Requested Meaningful Remedy:

Wilespic

I am currently classified as S5R for sex offender treatment. According to CDOC AR 700-19 an S5R qualifier means I am ready for participation and entry into the SOTMP program for treatment. Pursuant to C.R.S. 16-11.7-105 and 18-1.3-1004, I am required to undergo treatment as part of my sentence. Also, pursuant to C.R.S 18-1.3-1006 to be eligible for parole I must be in treatment and showing progression. Despite these facts and law, the CDOC is withholding my participation in treatment and this prevents me becoming eligible for parole. This action by CDOC imposes an atypical and significant hardship on me in relation to the ordinary incidents of prison life and a major change in my conditions of confinement that amounts to a grievous loss to me of being eligible for parole consideration under state law.

As remedy, I request placement in sex offender treatment immediately to correct this violation of state law and my liberty interest in this matter.

Date: 4th June 2025

Offender Signature: [signature]
*By signing this form the offender recognizes and waives confidentiality on records necessary to address this grievance

| Case Manager/CPO Must Complete | Facility/Unit/Pod/Parole Office/Community Corrections Center: FCF / 7 | Step (Circle one)  (1)  2  3 |
|---|---|---|
| Signature: [signature] Print Name and DOC Employee ID #: Robinson  12350 | | Date received: 6-9-25 |

Attachment B
Page 1 of 1

---

## TO BE COMPLETED BY GRIEVANCE COORDINATOR

RECEIPT: I acknowledge receipt this date of a complaint from the offender in regards to the following subject.

| Date 06/12/2025 | Grievance Coordinator & ID # FONTENOT, SHARI (2014) |
|---|---|

### RESPONSE

Mr. Wilderson, your grievance is denied. I can however offer the following explanation. AR 700-19 section F. 1. states, "Offenders with a judicial adjudication of a sex crime that are within four years of their parole eligibility date are prioritized for sex offense specific treatment based upon, but not limited to, the following: a. parole eligibility date; b. risk for sexual recidivism; c. prior SOTMP treatment opportunities; d. institutional behavior; e. Ancillary treatment needs e.g. mental health, substance use disorder treatment." The SOTMP global referral list (GRL) is sorted according to those items listed in the above AR. I have confirmed that you are listed on the GRL. It is impossible to say how long it will take for any one person to get to the top of the GRL in order to start treatment, as the GRL is consistently changing as new people are added on or taken off. Your requested remedy that you be placed immediately into SOTMP treatment would require a violation of AR 700-19 section IV-F "Treatment Participation Requirements and Prioritization" and would constitute preferential treatment of you over other offenders with similar liberty interests.

## TO BE COMPLETED BY RESPONDER

| Date 06/12/2025 | Responder Name & ID # RICHARDS, ROBIN (25007) | Response Date 07/01/2025 |
|---|---|---|
| **Disposition** | **Denied** | |

## TO BE COMPLETED BY OFFENDER

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| Offender Name WILDERSON, GEREK | DOCNO 186834 | Grievance # C-FF24/25-00289468-1 |
|---|---|---|
| Date: | Offender Signature : | |

Original: Department file/AIC                    Copies: Administrative Head, Offender

*Exhibit 5*

Offender Grievance

**Offender Must Complete**

Name Gerek Wilderson                          DOC 186834

Grievance number (complete for Steps 2 and 3 only)    C-FF 24/25- 00289468-1

Instructions:
1. Fill out identifying data in space provided. (Must be legible.)
2. Check only the box for grievance or grievance appeal.
3. State specifically what remedy you are requesting.
4. Remedy must remain consistent.

Subject of Grievance and Requested Meaningful Remedy

I am currently classified as SSR for sex offender treatment. According to CDOC AR 700-19 an SSR qualifier means I am ready for participation and entry into the SOTMP program for treatment. Pursuant to C.R.S. 16-11.7-105 and 18-1.3-1004 I am required to undergo treatment as part of my sentence. Also pursuant to C.R.S. 18-1.3-1006 to be eligible for parole I must be in treatment and showing progression. Despite these facts and law, the CDOC is withholding my participation in treatment and this prevents me becoming eligible for parole. This action by CDOC imposes an atypical and significant hardship on me in relation to the ordinary incidents of prison life and a major change in my conditions of confinement that amounts to a grievous loss to me being eligible for parole consideration under state law.

As remedy, I request placement in sex offender treatment immediately to correct this violation of state law and my liberty interest in this matter.

Offender Signature: Gerek                    Date: 9 July 2025

*By signing this form the offender recognizes and waives confidentiality on records necessary to address this grievance.*

**Case Manager/CPO/Must Complete** | Facility Unit/Pod/Parole Office Community Corrections Center  FCF/LU7/NJ04 | Step (Circle one) 1 **2** 3

Signature J G Gillespie
Print Name and DOC Employee ID: T. Gillespie  156 25    Date received 7/15/2025

Attachment A Page 1 of 1

---

**TO BE COMPLETED BY GRIEVANCE COORDINATOR**

RECEIPT: I acknowledge receipt this date of a complaint from the offender in regards to the following subject.

Date 07/17/2025 | Grievance Coordinator & ID # FONTENOT, SHARI (2014)

**RESPONSE**

Mr. Wilderson,

I have read and reviewed your grievance. In looking at your treatment placement concern, please note that DOC Administrative Regulation (AR) 700-19 outlines the prioritization for clients for SOTMP treatment placement. This regulation notes "offenders may be prioritized for treatment based upon, but not limited to, parole eligibility date, ongoing comprehensive risk assessment, appropriate institutional behavior and placement, Ancillary treatment needs e.g. mental health, substance use disorder treatment, and prior SOTMP treatment opportunities."

You are currently on the waitlist and in the range of 225-250 for SOTMP according to your parole eligibility date (PED) which is currently October 2028. The SOTMP prioritizes clients based on the PED and those with an older PED will receive treatment first. You will have an opportunity for treatment once your name progresses to the top of the list. At that point, you will be contacted by SOTMP and enrolled in treatment.

Additionally, please understand that these policies and practices are in place to create the most effective and fair opportunity for all individuals required to participate in SOTMP.

**TO BE COMPLETED BY RESPONDER**

Date 07/17/2025 | Responder Name & ID # RETTING, AMANDA (22569) | Response Date 07/18/2025

Disposition | **Denied**

**TO BE COMPLETED BY OFFENDER**

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

Offender Name WILDERSON, GEREK | DOCNO 186834 | Grievance # C-FF24/25-00289468-2

Date: | Offender Signature:

Original: Department file/AIC                    Copies: Administrative Head, Offender

Gillespie
©

Exhibit 6

AR Form 850-04B (12-01-18)

## Offender Grievance

**Offender Must Complete**

Name: *Gerek Wilderson*    DOC #: *186834*

Grievance number (complete for Steps 2 and 3 only): *C-FF24/25-00289468-3*

**Instructions**

1. Fill out identifying data in space provided. (Must be legible.)
2. Clearly state basis for grievance or grievance appeal.
3. State specifically what remedy you are requesting.
4. Remedy must remain consistent.

*This space must remain blank*
*This space must remain blank*
*This space must remain blank*
*This space must remain blank*

**Subject of Grievance and Requested Meaningful Remedy:**

I am currently classified as SSR for sex offender treatment. According to CDOC AR 700-19 an SSR qualifier means I am ready for participation and entry into SOTMP program for treatment. Pursuant to CRS. 16-11.7-105 and 18-1.3-1004 I am required to undergo treatment as part of my sentence. Also pursuant to C.R.S. 18-1.3-1006 to be eligible for parole I must be in treatment and showing progression. Despite these facts and law, the CDOC is withholding my participation in treatment and this prevents me becoming eligible for parole. This action by CDOC imposes an atypical and significant hardship on me in relation to the ordinary incidents of prison life and a major change in my conditions of confinement that amounts to a grievous loss to me being eligible for parole consideration under state law.

As remedy, I request placement in sex offender treatment immediately to correct this violation of state law and my liberty intrest in this matter.

Offender Signature: _____    Date: *7 August 2035*

*By signing this form the offender recognizes and waives confidentiality on records necessary to address this grievance*

**Case Manager/CPO Must Complete**    Facility/Unit/Pod Parole Office/Community Corrections Center: *FCF / LU7 / N 204*    Step (Circle one) 1  2  ③

Signature: *J Gillespie*

Print Name and DOC Employee ID #: *T. Gillespie  15625*    Date received: *8/11/2025*

Attachment B
Page 1 of 1

---

## TO BE COMPLETED BY GRIEVANCE COORDINATOR

RECEIPT: I acknowledge receipt this date of a complaint from the offender in regards to the following subject.

Date 08/14/2025    Grievance Coordinator & ID # FONTENOT, SHARI (2014)

**RESPONSE**

I have reviewed your Step 3 grievance that you filed with regard to your SOTMP treatment issue. As remedy you request to be placed into the treatment program.

In review of this matter I find you were properly informed of the criteria established in Administrative Regulation (AR) 700-19 which outlines the prioritization for clients for SOTMP treatment placement. This regulation notes "offenders may be prioritized for treatment based upon, but not limited to, parole eligibility date, ongoing comprehensive risk assessment, appropriate institutional behavior and placement, and prior SOTMP treatment opportunities." You are currently on the global waitlist and will be placed into treatment in accordance with the criteria outlined in DOC policy.

It is your burden to prove your allegations stated in your Step 3 grievance. I have reviewed the facts of this case and determined that you did not meet this burden. There was no corroborating evidence to indicate that DOC failed to follow the established criteria for placement into treatment.

Your request for relief is denied. This is the final administrative response in this matter and you have exhausted your administrative remedies.

## TO BE COMPLETED BY RESPONDER

Date 08/27/2025    Responder Name & ID # RUSSELL, JULIE (5821)    Response Date 08/27/2025

**Disposition**    **Denied**

## TO BE COMPLETED BY OFFENDER

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

Offender Name WILDERSON, GEREK    DOCNO 186834    Grievance # C-FF24/25-00289468-3

Date:    Offender Signature:

Original: Department file/AIC    Copies: Administrative Head, Offender

State.co.us Executive Branch Mail - Wilderson, Gerek #186834



**STATE OF COLORADO**

*Exhibit 7*

Gillespie - DOC, Tamara <tamara.gillespie@state.co.us>

## Wilderson, Gerek #186834

2 messages

~~Gillespie - DOC, Tamara <tamara.gillespie@state.co.us>~~
~~To: Jessica Sisneros - DOC <jessica.sisneros@state.co.us>~~

Thu, Feb 12, 2026 at 12:13 PM

Hello,

Mr. Wilderson asked if I would send you a request to be considered for the SOTMP program offered at AVCF.  He wrote a letter and would like you to take a look at it.  Thank you.

--
Tamara Gillespie
Case Manager 1
Working M-Th 7am-5pm
719-269-5310
PO Box 999
Canon City, CO 81215
tamara.gillespie@state.co.us

**3 attachments**

📄 **Wilderson 186834 letter to Ms. Sisneros.pdf**
191K

📄 **Wilderson 186834 self support letter pg. 1.pdf**
575K

📄 **Wilderson 186834 recommendation letter from Sergeant Norman.pdf**
24K

~~Sisneros - DOC, Jessica <jessica.sisneros@state.co.us>~~
~~To: "Gillespie - DOC, Tamara" <tamara.gillespie@state.co.us>~~

Thu, Feb 12, 2026 at 1:33 PM

He is currently eligible for SOTMP as he is coded an S5R.  The way the Global Referral List works is that once his name is at the top of the list he will be requested for treatment at AVCF or FCF, he can not choose what facility he goes to for treatment.  I looked and he is currently in the range of 200-210 on the Global Referral List.  If he refuses to move to the facility requesting him he will be considered treatment non-compliant so unfortunately he can not request to come here to AVCF specifically.  I have to follow the same list that FCF follows.
Let me know if you have any other questions.
Jessica
[Quoted text hidden]
--
Jessica Sisneros MA, LPC
**SOTMP Coordinator, SW/CO IV**
**Sex Offender Treatment and Monitoring Program**
**SOMB Full Operating Adult Treatment Provider/Clinical Supervisor**



**COLORADO**
Department of Corrections

Arkansas Valley Correctional Center
12750 CO-96 #13, Ordway, CO 81063
P - 719-267-5047 |
**Jessica.Sisneros@state.co.us** | **http://www.doc.state.co.us/**

COLORADO DEPARTMENT OF CORRECTIONS
LEGAL ACCESS PROGRAM

## REQUEST FOR PRISONER ELECTRONIC SCANNING (PEF) | COVER PAGE

INCOMPLETE FORMS WILL BE DENIED.　　　　　TODAY'S DATE: _27 March 2026_

LAST NAME: _Wilderson_　　FIRST INITIAL: _G_　　DOC#: _186834_

FACILITY: _FCF_　　HOUSING UNIT: _7_　TIER: _3_　CELL: _S301_

### STATE THE TYPE OF DOCUMENT BEING SENT:

[X] 42 USC §1983 INITIAL **COMPLAINT** (FORM=6 PGS.)  TOTAL PGS. BEING SENT: _34_

☐ 28 USC §1915 **INFORMA PAUPERIS 1983 COMPLAINT** (FORM=4 PGS) TOTAL PGS. BEING SENT: _____

☐ 28 USC §2241 **APPLICATION FOR A WRIT OF HABEAS CORPUS** (FORM=4PGS) TOTAL PGS. BEING SENT: _____

☐ 28 USC §2254 **APPLICATION FOR A WRIT OF HABEAS CORPUS** (FORM=6PGS) TOTAL PGS. BEING SENT: _____

☐ 28 USC §2255 **APPLICATION FOR A WRIT OF HABEAS CORPUS** (FORM=5 PGS) TOTAL PGS. BEING SENT: _____

☐ 28 USC §1915 **INFORMA PAUPERIS FOR HABEAS** (FORM=2PGS) TOTAL PGS. BEING SENT: _____

☐ Other, please list document(s) here with page number for each document:
_____
_____
_____

*OFFENDER MUST PROVIDE COURT ORDER TO CURE DEFICIENCIES TO LEGAL ASSISTANT*
☐ CHECK HERE IF THIS IS AN AMENDED COMPLAINT _____
☐ CHECK HERE IF THIS IS IN RESPONSE TO CURE DEFICIENCY _____

OFFENDER SIGNATURE _(signature)_
*(Sign on this line)*

### DO NOT WRITE BELOW THIS LINE

Date Request Received: **MAR 2 7 2026** Facility Law Library _FCF_ Legal Assistant's Initials _DB_
TOTAL PAGES WITH THIS FAX, INCLUDING THIS COVER PAGE _35 + COVER SHEET_

Your request has been **DENIED:** _____ in whole _____ in part for the following reason(s):
____Your request form was not properly completed (Missing required signature, last name, first initial, full cell location, facility, unit, tier, cell, DOC #, date, etc.)
____The material you have submitted does not meet program definitions of legal material, as described in AR 750-01.
____Your PEF request exceeds the page limit established by the Legal Access Program (see attached).  Also see posted PEF policies.
____You have not submitted the documents to be scanned.
____The Legal Access Program will not allow scanning/transmission of ARs, IAs, OMs, case law, statutes, court rules, session laws, or material contained in the law library, even as attachments/exhibits.(Exception for non-published case law to be attached to a pleading.)
____The Legal Access Program will not allow scanning/transmission of transcripts, electronic or paper media, including but not limited to transcripts, court records, and discovery from courts or attorneys, incomplete documents, altered documents, and/or blank forms.
____The Legal Access Program will not allow scanning/transmission of non-original documents, previously-copied/scanned documents, incoming correspondence, or documents (account statements, mittimus, etc.), grievances, COPD appeals; except as exhibits attached to an original pleading being filed with the court. Your pleading must include a statement referring to the attached exhibits in order for them to be scanned/transmitted.
____The Legal Access Program will not allow scanning/transmission of documents which have any substance on them (such as dirt, food, coffee, hair, bodily secretions, glue, tape, toothpaste, etc.
____Documents containing UCC/Sovereign citizen statements or signatures will not be allowed to be scanned/transmitted.
____You may bring your request into compliance and resubmit.
Other____ _E-filed on_ **MAR 2 7 2026** _@_ _____

METER END: _____　MINUS (-) METER BEGIN: _____　EQUALS (=) TOTAL ADMIN COPIES: _1_